ALFRED T. TURNER *vs.* DAVID C. SISSON & others.

Suffolk. March 13. — May 9, 1884. DEVENS & COLBURN, JJ., absent.

A seizure, by a constable, of the property of one person upon an execution against another, is a breach of the condition of the constable's bond for the faithful performance of his duties in the service of civil processes, for which he and his sureties are liable; and it is immaterial that the execution is one which he has no authority to serve, if, in making the seizure, he acts *colore officii.*

CONTRACT, by the treasurer of the city of Boston, upon a bond executed by the defendant Sisson as principal, and the other defendants as sureties, and conditioned for the faithful performance by Sisson of his duties as a constable of said city. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*E. M. Bigelow,* for the plaintiff.

*C. R. Train,* (*H. J. Edwards* with him,) for the sureties.

MORTON, C. J. An attachment or seizure on execution, by a constable, of the property of one person on a process against another, is a breach of the condition of his official bond for the faithful performance of his duties in the service of civil processes, for which he and his sureties are liable. *Greenfield* v. *Wilson,* 13 Gray, 384. In the case before us, the defendant Sisson, who was a constable of the city of Boston, seized and took the property of Joseph Batten upon an execution against Joseph Batten, Jr. This suit is brought on the official bond of Sisson, in the name of the treasurer of the city, for the benefit of the administratrix of Joseph Batten. The sureties upon the bond contend that they are not liable, because the execution was one which a constable had no authority to serve, it being an execution for alimony decreed in a divorce suit by the Supreme Judicial Court, directed "to the sheriffs of our several counties or their deputies," and not to a constable.

It is immaterial whether a constable has authority to serve such a process or not. The object of the bond given by a deputy sheriff or constable is to make the sureties responsible for the due performance of his official acts in the service of process, and in his other duties. By an official act is not meant a

lawful act of the officer in the service of process; if so, the sureties would never be responsible. It means any act done by the officer in his official capacity, under color and by virtue of his office.

It was held in *Lowell* v. *Parker*, 10 Met. 309, that where a constable attached goods on a writ in which the *ad damnum* exceeded $70, and which therefore he had no authority to serve, the sureties on his bond were liable for the malfeasance, because he took the goods *colore officii*, and such taking was a breach of his official duty.

In the case at bar, the constable, in taking the goods of Batten, was acting wholly in his official capacity. He did not act, or pretend to act, in a private capacity. He had an execution which he claimed the right to serve as a constable; he took Batten's goods upon it; he made a return that he had so taken the goods, and had sold them and applied the proceeds to the debt of the judgment creditor. In all this he was acting officially, by virtue and under color of his office as a constable; and, if his acts were unlawful and an injury to the plaintiff, he and his sureties are liable upon his bond. *Knowlton* v. *Bartlett*, 1 Pick. 270. *Williamstown* v. *Willis*, 15 Gray, 427. It follows that the plaintiff is entitled to judgment for the penal sum named in the bond.                    *Judgment for the plaintiff.*