STATE OF MISSOURI at the Relation of L. BURRIS, Appellant, v. P. C. EDMUNDSON *et al.*, Respondents.

St. Louis Court of Appeals, May 4, 1897.

1. Trial Practice: PLEADING.   A general demurrer, to a petition which, by fair and reasonable intendment, impliedly stated a cause of action, did not reach a defective or uncertain allegation in the petition, and should have been overruled.

2. Official Bond, Liability of Sureties on, For Acts of Principal Under Color of Office.   Where a constable levied upon and sold relator's property, believing that a memorandum of costs in a case issued to him by a justice of the peace gave him authority to do so, when it gave no such authority, he acted under color of his office, and the sureties on his official bond were liable.

*Appeal from the Stoddard Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Fort* for appellant.

The sureties in an official bond are liable for damages done by their principal under "color of office." *State v. Moore,* 19 Mo. 370; *State v. Powell,* 44 *Id.,* 436; *Bombeck v. Bombeck,* 18 Mo. App. 26; *State v. Davis,* 88 Mo. 585; 588; *State v. Claudius,* 1 Mo. App. 551; Brandt on Sur. and Guardians, sec. 566. See, also, *Couch v. Davidson,* 19 S. Rep. (Ala.) 510; *Broughton v. Haywood,* 61 N. C. 380; *Thomas v. Connelly,* 104 *Id.* 345.

The written memorandum under which defendant Edmundson seized and sold relator's property was "color of process"—it had the appearance of, and was construed by him to be, an execution. Last authorities cited *supra.* See, also, Bouv. Law Dic., title "Process;" *People v. Nevens,* 1 Hill (N. Y.), 169; *State v. Kinsella,* 3 Mo. App. 579, 580; *Turner v. Sisson,* 137 Mass. 191; *Egarton v. Bird,* 6 Wis. 527; *Cooper v. Ord,* 60 Mo. 420; *Hughes v. Israel,* 73 *Id.* 538, 547; *Reynolds v. Reynolds,* 52 *Id.* 108; Sedg. & Wait on Tr. Tit. to Land, sec. 762, and citations.

The sureties on an official bond are liable for the acts of their principal done "under color of office," and the law, as thus declared by our courts of last resort, is a part and parcel of every official bond. *State v. Berning,* 74 Mo. 87, 96. See, also, *State v. Hadlock,* 52 Mo. App. 297; *State v. Moore,* 19 Mo. 370; *State v. Powell,* 44 *Id.* 436; *State v. Fitzpatrick,* 64 *Id.* 185; *State v. Hope,* 88 *Id.* 430; *State v. Claudius,* 1 Mo. App. 551, 558; *State v. Jones,* 26 *Id.* 190; *State v.*

*Taylor,* 6 *Id.* 277; *State v. Jennings,* 4 Ohio St. 423; *People v. Schuyler,* 4 N. Y. 173; *Lowell v. Parker,* 10 Metc. (Mass.) 309; *Turner v. Sisson,* 137 Mass. 191; *Lammon v. Fensier,* 111 U. S. 17.

The sufficiency of the petition must be determined from the facts stated, and not from the pleader's conclusions therefrom. R. S. 1889, sec. 2076; *Boone v. Baker,* 66 Mo. 430. See, also, as to issue of fee bill by justice of peace, R. S. 1889, secs. 5007, 2949, 6303.

The test of the sufficiency of a petition on a general demurrer is, whether the facts therein stated, if true, show a cause of action against the demurrant. *State v. Carroll,* 63 Mo. 156; *Darby v. Cabanne,* 1 Mo. App. 126; *Ferguson v. Davidson,* 65 *Id.* 196. See, also, R. S. 1889, sec. 2039; *Bank v. Leyser,* 116 Mo. 51; *Coal Co. v. Quad,* 28 Mo. App. 421; *Eads v. Gaines,* 58 *Id.* 587.

*Grant Gillespie* for respondent.

In order to make defendants liable as sureties in this case, the court must hold that the memorandum in question, which relator says is neither an execution nor a fee bill, was such a process as required the constable to act, and that his misfeasance would be a breach of his official duty, for which his sureties are liable as well as for his nonfeasance. *State to use v. McDonough,* 9 Mo. App. 63, and citations.

APPELLANT'S REPLY.

The respondents rely on *State v. McDonough,* and cases cited. The principal case cited to sustain that case is *Ex parte Reed,* 4 Hill, 72. It is sufficient to say the latter case has been expressly overruled by *People v. Schuyler,* 4 N. Y. 173.

BLAND, P. J.—The petition in this case is as follows:

"State of Missouri at the relation and to the use of L. Burris, plaintiff,

v.

P. C. Edmundson, T. D. Melton, Isaac Harlin, James A. Evans, C. T. Walton, J. W. Reed, J. A. Stewart, I. T. Neeley, and W. H. Harty, defendants.

In the Circuit Court of Stoddard County, Missouri, September Term, 1896, at Bloomfield.

"Plaintiff states that it brings this suit at the relation and to the use of L. Burris, and states that heretofore, the defendant P. C. Edmundson, with the defendants, T. D. Melton, Isaac Harlin, James A. Evans, C. T. Walton, J. W. Reed, J. A. Stewart, I. T. Neeley, and W. H. Harty, as sureties, duly executed under their hands and seals a bond to the state of Missouri for the faithful performance of the duties of said office, said bond being dated August 9, 1893, and the conditions thereof being in words and figures as follows, to wit: 'Now, therefore, if the said P. C. Edmundson shall execute all process to him directed and delivered, pay over all moneys received by him by virtue of his office and in every respect discharge all the duties of constable, then this obligation to be void; otherwise to remain in full force and effect.'

"Said bond can not be filed herewith for the reason that it is in the custody and under the control of the county clerk of Stoddard county, Missouri, who will not allow the same to be withdrawn from his office; but a duly certified copy thereof is herewith filed and marked exhibit 'A.' Relator states that

the defendant P. C. Edmundson has been guilty of a breach of said bond in this — that on the —— of January, 1894, the defendant, said P. C. Edmundson, as constable of said Duck Creek township, under color of his office as such constable, and without an execu- tion or a fee bill, as relator verily believes, but under and by virtue of a written memorandum of some kind, the contents of which relator does not certainly know, but which relator believes was a paper issued by T. D. Melton, justice of the peace of said Duck Creek town- ship, containing a memorandum of the costs in the case of the State of Missouri *v.* Sophia Miller, which said costs had been adjudged against the relator, did seize and take into his possession under said paper and by virtue of his said office, two horses and one buggy, the property of this relator, and thereafter immediately did advertise the same for sale to pay said costs and did in due course of time sell the same for that purpose.

"Relator alleges that the value of the horses and buggy was three hundred dollars, and that at the time of their seizure and sale as above set forth, he was a citizen, householder, and head of a family residing with his family in Stoddard county, Missouri, and as such, was entitled under the laws of the state of Mis- souri to hold said horses and said buggy exempt from sale to satisfy the costs in said case of the State of Mis- souri *v.* Sophia Miller.

"Relator further alleges that defendant, P. C. Edmundson, did not advise him of his right as the head of a family to hold said property exempt from sale for the satisfaction of said costs, but the said P. C. Edmundson seized and sold said property in viola- tion of the rights of this relator by reason of which the defendants have become liable to pay the relator the sum of three hundred dollars, with interest thereon from the —— day of January, 1894.

State ex rel. v. Edmundson.

"WHEREFORE relator prays judgment against the defendants for one thousand dollars, the penalty of said bond, and that execution issue against the defendants for the sum of three hundred dollars and interest thereon from the —— day of January, 1894, for damages aforesaid and for costs.

"Relator further states that he filed his suit against the defendants on said bond for the wrongs herein complained of on the twenty-fifth day of July, 1894, in the circuit court of Stoddard county, at Bloomfield, and that at the March term of said circuit court in March, 1896, the relator herein took a nonsuit.

"FORT & VAN BUSKIRK,

"Attorneys for Relator."

A general demurrer to this petition was filed by the respondent, which was by the court sustained, and judgment entered that plaintiff take nothing by his suit. From this judgment plaintiff appealed to this court.

The demurrer being a general one did not reach any defective or uncertain allegation in the petition, and if by fair and reasonable intendment, the petition impliedly stated a cause of action, the demurrer should have been overruled. *Eads v. Gaines*, 58 Mo. App. 587. The argument made by respondent in his brief is, that unless the memorandum mentioned in the petition was such an instrument or process that the constable's sureties would have been liable if he (the constable) should have refused to serve it, then the trial court ruled right in sustaining the demurrer, and cites *State ex rel. v. McDonough*, 9 Mo. App. 63, as authority in support of this position. The breach charged in that case was that "McDonough without warrant, or authority of law, as chief of police, and by virtue of, and

TRIAL practice: pleading.

LIABILITY of sureties on official bond for acts of principal under color of office.

under color of his office, wrongfully and maliciously arrested the relator and imprisoned him." Judge HAYDEN, in delivering the opinion of the court in the case, uses this language: "The fact that under color of his office, an officer does an act which is in its inception beyond, and out of the line of his duty, does not show or tend to show in any case he did not faithfully perform it; and if he does this, why should his sureties be held, whose obligation can not be extended beyond the terms of the bond? And cites *Ex parte Reed*, 4 Hill, 572, in support of this doctrine, where it is said, where there was "no authority, there was no office, nothing official." In the case of *People v. Schuyler*, 4 N. Y. 173, the *Reed* case is commented on and disapproved. In the latter case it was held that a sheriff and his sureties were liable on his official bond, when he, by virtue of a writ of attachment against one, seized the goods of another. A like rule obtains in this state by a uniform course of decision. *State ex rel. v. Moore*, 19 Mo. 370; *State ex rel. v. Hadlock*, 52 Mo. App. 297; *State ex rel. v. Hope*, 88 Mo. 430; *State ex rel. v. Fitzpatrick*, 64 Mo. 184. It is not averred in the petition that the officer seized the goods by virtue of an execution or fee bill issued by a justice, but that as constable without any fee bill or execution, he seized and sold the goods, and that he did these things under and by virtue of a written memorandum of some kind, the contents of which the relator did not certainly know, but which he believed was a paper issued by one Melton, a justice of the peace, containing a memorandum of the costs in the case of the *State v. Sophia Miller*, which had been adjudged against the relator. The relator assigns as breaches of the constable's bond, that the property levied upon and sold was exempt from such levy and sale, and the failure of the con-

stable to apprise him of his statutory exemption rights. In this state of the pleading the appellant, on trial, could not have shown that the levy and sale were made without legal process, for he does not count upon the want of authority in the constable to make the levy. His complaint is, not that the officer acted without authority or exceeded his authority, but that he levied and sold property exempt from execution. It is true that he alleges there was no execution, no fee bill, but he says there was a memorandum of costs which had been adjudged against him in the hands of the constable, and inferentially it is stated that plaintiff recognized this memorandum as legal process, authorizing the constable to make the levy and sale. And the fair inference to be drawn from the petition is, that the officer treated the memorandum as process, giving him authority to levy and sell relator's property. If so, he acted under color of his office; for an act which is done by an officer, under the pretense or semblance that it is within his authority when it is not, is done *colore officii.*  *Barrall v. Acker,* 23 Wend. 606. The act need not be malicious or intentionally wrong, or from a bad motive. The officer may believe he has the authority to do the act, and be actuated by the best of motive. So, if in this case the constable believed the memorandum gave him the authority to levy and sell relator's property, when in fact it did not, he acted under color of his office.  *Thomas v. Connelly,* 104 N. C. 345.

A literal interpretation of the language of the *Reed* case, that "where there is no authority, there is no office, nothing official," seemingly approved in the *McDonaugh* case would preclude a recovery on all official bonds, in all cases where the officer acted under color of office, and practically limit the right of recovery on their bonds to cases of nonfeasance. We think the sounder and better rule is the one announced in *Turner*

*v. Sisson*, 137 Mass. 191, where the sureties on a constable's bond were held liable under the following state of facts: An execution was issued to a sheriff (which a constable had no authority to serve or execute). It was delivered to a constable, who levied and sold property under it and made his return, giving credit for the proceeds of sale upon the debt. Here he acted without authority, but with the semblance of authority, the execution, his act, was done by virtue of and under color of his office. In this case the constable had a memorandum of costs which had been adjudged against the relator by a court having jurisdiction. This memorandum was signed by the justice. It was a semblance of authority to the constable to make the levy and sale. He acted upon it, treated it as giving him authority to do what he did do. He acted under color of his office, and we think his sureties on his official bond should be held liable.

It follows that the judgment will be reversed and the cause remanded, with directions that the trial court overrule the demurrer, and give the respondents leave to plead over, if they are so advised. All concur.