[Civil No. 594.   Filed April 16, 1898.]

[52 Pac. 777.]

LUTHER WILSON, Plaintiff and Appellant, v. JAMES R. LOWRY et al., Defendants and Appellees.

1. PLEADING—PLEA IN BAR—JUDGMENT ON DEMURRER—WHEN GOOD.— A final judgment on a demurrer to a complaint can be pleaded in bar of a subsequent action between the same parties only when the demurrer went to the merits and cause of action is the same.

2. SAME—SAME—JUDGMENT ON GENERAL DEMURRER—ADDITIONAL MATE-RIAL ALLEGATIONS—CHANGE IN CAUSE OF ACTION.—Where judgment is entered upon a general demurrer that the˙ complaint does not state facts sufficient to constitute a cause of action, such judgment

is not a bar to a subsequent action between the same parties, the complaint alleging substantially the same facts, but adding material averments wanting in the original complaint, as such averments change the cause of action.

3. EXEMPTIONS—PERSONAL PROPERTY—MONEY DERIVED FROM INSURANCE ON REAL PROPERTY.—Money received from an insurance policy on real property is personal property under the exemption laws of this territory.

4. PERSONAL PROPERTY — DEFINED — STATUTORY CONSTRUCTION — REV. STATS. ARIZ. 1887, PAR. 2932, CITED.—In the rules prescribed for the construction of the statutes of this territory, the words "personal property" are defined to include money, goods, chattels, things in action, and evidences of debt. Statutes, *supra,* cited.

5. EXEMPTIONS—CONSTRUCTION OF STATUTES.—Laws- exempting property from execution for the payment of debts are to be liberally construed.

6. SAME—RIGHT TO CLAIM—GARNISHMENT—FAILURE TO PLEAD EXEMPTION.—Personal property exempt from execution can be claimed and designated at any time prior to its sale and conversion by the officer holding the execution, and failure of the claimant to protect his rights in garnishment proceedings or of garnishees to set up such exemption, is not conclusive of his rights, and he may still claim and designate the exemption so long as the money remains in the hands of either the garnishee or the officer.

7. SAME—OFFICE AND OFFICERS—SHERIFF—FAILURE TO RELEASE EXEMPT PROPERTY — LIABILITY — SURETIES. — Failure of a sheriff to release exempt property upon a proper demand is a violation of official duty for which he and the sureties upon his official bond are liable.

8. SAME—SAME—SAME—CLAIM OF EXEMPTION—REV. STATS. ARIZ. 1887, TIT. 27, CITED.—Upon a proper demand for release of property exempt from execution, it is the duty of the sheriff to proceed under the statute, *supra.*

9. OFFICE AND OFFICERS—SHERIFF—EXEMPTION—FAILURE TO PAY OVER MONEY EXEMPT—LIABILITY—REV. STATS. ARIZ. 1887, PAR. 502, INAPPLICABLE.—The statute, *supra,* authorizing the recovery of money, with twenty-five per cent damages and ten per cent per month interest, from a sheriff into whose hands money has come by virtue of his office, and who neglects or refuses on demand to pay over the same to the party entitled thereto, is inapplicable to a case where a sheriff refuses to pay over on demand money exempt from execution, held under garnishment.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. J. J. Hawkins, Judge. Reversed.

The facts are stated in the opinion.

James H. Wright, for Appellant.

The appellees interposed a plea of *res adjudicata,* and at the trial put in evidence therein the complaint, answer, judgment, and *remittitur* of the supreme court showing the affirmance of the judgment of the court below on the general demurrer in case No. 2242. How that judgment can be claimed as an adjudication of the merits of the case is not clear. A former judgment on a general demurrer is not a bar, if additional facts in the new complaint complete a cause of action. The court below so held, and overruled their plea of *res adjudicata. Wetherbee* v. *Carroll,* 33 Cal. 556; *Terry* v. *Hammonds,* 47 Cal. 32; *City of Los Angeles* v. *Mellus,* 59 Cal. 444; *Morrell* v. *Morgan,* 65 Cal. 575, 4 Pac. 580; *Gerrish* v. *Bunker,* 6 Minn. 14.

A former judgment must have been upon the merits. A judgment on defective pleadings will not do; it is not *res adjudicata. Barnes* v. *District of Columbia,* 91 U. S. 546; *Evansville* v. *Crawfordsville R. R. Co.,* 19 Ill. 207.

Herndon & Norris, for Appellees.

"A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action raises an issue which, when tried, will finally dispose of the case as stated in the complaint on its merits, unless leave to amend or plead over is granted." *Alley* v. *Nott,* 111 U. S. 472, 4 Sup. Ct. 495; *Scharff* v. *Levy,* 112 U. S. 711, 5 Sup. Ct. 360; *City of Aurora* v. *West,* 7 Wall. 107.

"If a demurrer to a complaint is sustained, and plaintiff fails to either amend or appeal, he is debarred of a second action." *Bomar* v. *Parker,* 68 Tex. 435, 4 S. W. 599.

The property destroyed had not been claimed as a homestead, and was therefore subject to attachment for debt. Rev. Stats., par. 2084.

The money due upon adjustment for the loss represented the destroyed property, and should for the purposes of this case be governed by the same rule. *Howes* v. *Lathrop,* 38 Cal. 493.

The converse of the proposition is true. *Houghton* v. *Lee,* 50 Cal. 101; *Cameron* v. *Fay,* 55 Tex. 58.

DAVIS, J.—This was an action by the appellant to recover against James R. Lowry and the sureties upon his official bond as sheriff of Yavapai County. The complaint sets forth, in substance, that Wilson was the head of a family in said county and territory, having two children of tender years wholly dependent on him for their support; the election and qualification of Lowry as sheriff; the execution and form of his official bond, conditioned that Lowry "shall well and faithfully in all things perform and execute the duties of said office of sheriff . . . that are now required by law, or that may be required by any law which may be enacted . . . during his continuance in office, without fraud, deceit, or oppression, and shall pay over all moneys that shall come into his hands as such sheriff"; that in certain suits against Wilson by creditors, which had proceeded to judgment against him, there was collected by Lowry, as sheriff, from the Prussian National Insurance Company and the Niagara Fire Insurance Company, debtors of Wilson, the sum of $529.46, by execution and garnishment process; that prior to the service of said process appellant duly filed with the said Lowry, as sheriff as aforesaid, a notice that he was the head of a family, that said money then in the hands of said insurance companies was all the personal property that he owned, and that he designated and demanded the same as exempt to him from garnishment, execution, and forced sale; that immediately after the said money came into Lowry's possession, by virtue of said process, the appellant again filed with him an express, distinct, and formal demand for the same, claiming and designating it as exempt and reserved to him (appellant) as the head of a family, but that the said sheriff, in violation of his duty as such under the laws of this territory, has failed and refused to pay over to appellant the amount so collected, whereby he claims the appellees have become liable to him for the said amount, together with twenty-five per cent thereof as additional damages, and interest on said sum of $529.46, at the rate of ten per cent per month, being the penalties mentioned in paragraph 502 of the Revised Statutes. Besides a general demurrer, which was overruled by the lower court, the appellees answered, alleging that in a former suit in the same court between the same parties the same cause of action was litigated, a judgment rendered in favor of these appellees,

which judgment was on appeal affirmed by this court, and that
the same constitutes a bar to the pending action. Their fur-
ther answer is a general denial. The case was tried before
the lower court, sitting without a jury, and resulted in a judg-
ment for the appellees. From the judgment and the order of
the court overruling his motion for a new trial, Wilson has
appealed. The appellant contends that there was no evidence
to support the finding and judgment as rendered, and that,
upon the facts as alleged and proven, he was entitled to re-
cover.

It is provided in paragraph 1956 of title 27 ("Exemp-
tions") of the Revised Statutes, that "there shall be reserved
to every family exempt from attachment and execution and
every species of forced sale for the payment of debts, per-
sonal property not to exceed in value the sum of one thousand
dollars." The succeeding paragraphs of the same title pro-
vide that the head of the family entitled to such exemption
shall designate the personal property which he claims as ex-
empt, not exceeding said value, and prescribe the duties of
the officer holding the execution, and the proceedings to be
had in case the defendant fails to make the designation him-
self, or there is a disagreement as to value, etc. On the trial
of the case in the court below the following facts were either
admitted or conclusively established by testimony that was not
controverted in the slightest particular: That ever since the
commencement of the creditors' suits Wilson had continu-
ously resided in Yavapai County, Arizona, and been the head
of a family; that the sum of $529.46 was collected from the
said insurance companies by Lowry, as sheriff, through execu-
tion and garnishment process in said creditors' suits; that this
money was the property of Wilson, due to him from the ad-
justment of insurance upon his house which had been de-
stroyed by fire; that the total amount of the insurance due to
him from the companies was $850, and that he was not the
owner of any other personal property; that no notice of said
garnishment proceedings had been given to Wilson, but that
his counsel appeared for him on the day when the default
judgments were rendered against the garnishees, and pro-
tested against the entry of the same; that prior to the service
of the process through which the said sum of $529.46 came
into the possession of Lowry, as sheriff, and again after the

money came into his hands, appellant served upon said sheriff an express, distinct, and formal demand for the same, claiming and designating the said money as exempt and reserved to him as the head of a family; that these notices were in writing, and their service was admitted; that the sheriff refused to pay over said money to the appellant, and in making return upon his writs of the collection and payment thereof to the execution creditors recites that prior to and before receiving said money Luther Wilson, defendant (appellant), served written notice upon him, claiming the same as his property, and exempt from execution, but that he paid out the money in pursuance of the writs after taking indemnity bonds, etc. There was introduced in evidence by the appellees, in support of their plea of *res judicata*, the record of a former suit between these same parties, in which a general demurrer to the complaint had been sustained, and, appellant refusing to amend, judgment had been entered in favor of appellees, which, on appeal, was affirmed by the supreme court. As against the appellant's right to recover, and in support of the judgment rendered in the court below, counsel for appellees urge the following propositions: First, that the former action was identical with this and for the same subject-matter, and that the judgment therein rendered was a final and conclusive adjudication of the matters involved in this case; second, that the property insured was real estate, and not exempt, and that the money obtained from the adjustment for its destruction should therefore, for the purposes of this case, also be treated as realty, and not be exempt; third, that the appellant appeared in defense of the original garnishment proceedings against the insurance companies, claiming the money in controversy, and should have appealed from, or taken steps to set aside, the judgments there entered against the garnishees; fourth, that it was the duty of the garnishees to have answered and claimed appellant's exemption, if he was entitled to any; fifth, that the provision of the law (Rev. Stats., par. 502) authorizing the recovery of money, with twenty-five per cent damages and ten per cent per month interest, from a sheriff into whose hands money has come by virtue of his office, and who neglects or refuses on demand to pay over the same to the party entitled thereto, is inapplicable to the case at bar.

We will consider these propositions in their order. Whether a final judgment for the defendant, rendered on a demurrer to the complaint, can be pleaded in bar of a subsequent action between the same parties depends, first, on whether the demurrer went to the merits of the action; and second, whether the cause of action is the same. If either of these conditions be wanting, the judgment on demurrer does not bar another action. The demurrer in the original suit was on the ground that the complaint did not state facts sufficient to constitute a cause of action, and therefore went to the merits. The complaint in the present is substantially the same as in the former action, with the exception that in this case it is averred that at the time when the cause of action accrued appellant was the head of a family in the county of Yavapai, territory of Arizona. This is a material averment, and its absence from the first complaint is probably the ground upon which the demurrer was sustained. The causes of action are therefore not the same. The former adjudication determined no more than that the pleading, as presented, was insufficient; that the facts therein stated did not constitute a cause of action; not that the appellant had no cause of action. Therefore, we say, both upon reason and authority, that the appellant having failed on demurrer in his first action from the omission of an essential allegation in his complaint, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same rights. *State* v. *Cornell*, 51 Neb. 553, 71 N. W. 300; *Moore* v. *Dunn*, 41 Ohio St. 62; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Terry* v. *Hammonds*, 47 Cal. 32.

Upon the second proposition urged by appellees we consider it wholly immaterial whether the building was real estate or not. When it was destroyed by fire, the insurance claim and the insurance money became personal property. It is true that courts of equity sometimes treat money as standing in lieu of real estate, but the principles upon which this is done are not at all applicable to this case. In the rules prescribed for the construction of the statutes of the territory, the words "personal property" are defined to include money, goods, chattels, things in action, and evidences of debt. Rev. Stats., par. 2932.

The third and fourth grounds relied upon to sustain the judgment may be treated together. It is the well-settled

policy of the courts to liberally construe those humane and beneficent provisions of the law exempting certain property from execution for the payment of debts. The state has an interest in protecting families, and especially helpless children, against pauperism, and securing to them the means of reasonable comfort and education. The personal property exempt to every family by paragraph 1956 of the Revised Statutes can be claimed and designated at any time prior to its sale or conversion by the officer holding the execution. Any other construction would tend to defeat the beneficent policy of the statute. While the appellant's exemption rights might perhaps have been successfully maintained by appeal or otherwise in the garnishment proceeding, to which he was not a party, and while it was the privilege, and possibly the duty, of the garnishees to have set up by answer that the property was exempt, if they had knowledge of the fact, the appellant's failure to obtain the benefit of either course was not conclusive of his rights. There was still reserved to him the privilege of claiming and designating the exemption of the insurance money so long as it was yet in the hands of either the garnishees or the sheriff, and upon demand being properly made, as in the case at bar, it was the duty of the officer to have proceeded in accordance with the provisions of title 27. His failure to do so was at his peril. The undisputed evidence in this case shows that at the time when the sum of $529.46 was in the hands of Lowry, as sheriff, under the process, and the demand was made therefor by Wilson, the latter was the head of a family and entitled to said money as his exemption. The peremptory refusal of the sheriff to pay the same to him was a violation of his official duty. It has been repeatedly held that the sureties upon the official bond of a sheriff, conditioned for the faithful performance of the duties of his office, are liable for his acts in seizing upon a writ of attachment property of the debtor which is exempt and refusing to release it upon demand of the debtor. The act, although unlawful, is one done by the sheriff under color and by virtue of his office, and constitutes a breach of the condition of the bond. *Hursey* v. *Marty,* 61 Minn. 430, 63 N. W. 1090; *State* v. *Jennings,* 4 Ohio St. 418.

Upon the final proposition we quite agree with counsel for appellees that the provisions of paragraph 502 of the Revised

Statutes have no application to the case at bar, and that the appellant could not, in this action, recover the penalties there-in provided. We hold, however, that the complaint states a good cause of action for a recovery against the appellees to the extent of $529.46 and interest for the breach of the condition of the official bond, and that under the law and the evidence a judgment for that amount should have been rendered by the lower court. The judgment will be reversed and the cause remanded, with directions to enter judgment in appellant's favor for the sum of $529.46, with interest from February 8, 1894, at the rate of seven per cent per annum, and for costs of suit.

Street, C. J., Sloan, J., and Doan, J., concur.