## KANSAS CITY ex rel. HENRY OCHS et al., Respondents, v. PAUL MINOR et al., Appellants.

**Kansas City Court of Appeals, June 3, 1901.**

**Offices and Officers: PRINCIPAL AND SURETY: KANSAS CITY IMPOUNDER: LIABILITY OF SURETIES.** Where the Kansas City public impounder, under color of his office, impounds cattle which he should not, he and his sureties are liable on his bond for the trespass.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Amos H. Kagy* for appellant.

(1) That the undertaking of a surety is *strictissimi*

*juris* and a surety is not to be held beyond the precise terms of his contract, and no liability extended by implication, is equally well settled. Blair v. Ins. Co., 10 Mo. 560; Bauer v. Cabanne, 105 Mo. 110; Bricker v. Stone, 47 Mo. App. 530; Erath v. Allen, 55 Mo. App. 107. (2) The learned trial court deciding this case based its decision upon the doctrine that the sureties on an official bond are liable for the acts of the principals done *colore officii,* a doctrine which we do not gainsay, but which we deny has application to the case at bar, and seem to rely on State v. Moore, 19 Mo. 370; State ex rel. v. Hadlock, 52 Mo. App. 297; State ex rel. v. Hope, 88 Mo. 430; State to use v. Fitzpatrick, 64 Mo. 185, and the case of State ex rel. v. Edmundson, 71 Mo. App. 172, together with some outside the jurisdiction, all of which we say are not authorities here. An examination of these cases will be a sufficient answer to their non-applicability to the question involved. (3) No lawyer will gainsay the proposition that the sureties of an officer are liable for his acts done by virtue of his office, provided such acts come within the purview of his duties; and he is armed with power giving color of authority, nor do we believe a lawyer can be found who will contend that the sureties of a public officer are liable for acts done by such officer which are no part or parcel of his official duties.

*E. W. Shannon* for respondent.

(1) A surety is not entitled to special guardianship of the law, and can not evade his obligation. Harburg v. Kumpf, 151 Mo. 16, 26; Murfree, Off. Bonds, secs. 476, 655, 656; State ex rel. v. Mfg. Co., 149 Mo. 212. (2) "The sheriff is liable for all acts done by his deputy as such, for all abuses, for every perversion of the authority with which he is entrusted, he is liable though they might be committed by his

deputy.    He is responsible for all trespasses done by a deputy, by color of his office * * *.   State ex rel. v. Moore, 19 Mo. 370; State to use v. Farmer, 21 Mo. 160; State to use v. Shacklett, 37 Mo. 285; State ex rel. v. Hadlock, 52 Mo. App. 297; County Court ex rel. v. Fassett, 65 Mo. 418; State ex rel. v. Claudius, 1 Mo. App. 560; State to use v. Plass, 58 Mo. App. 154; State ex rel. v. Thompson, 81 Mo. App. 549; State to use v. Meyer, 2 Mo. App. 413; State ex rel. v. Evans, 83 Mo. App. 301; State ex rel. v. O'Neill, 78 Mo. App. 20; State ex rel. v. Lindsay, 73 Mo. App. 473; Barrell v. Acker, 23 Wend. 606; Bank v. Rutledge, 84 Fed. Rep. 400; Turner v. Sisson, 137 Mass. 191; Brown v. Weaver, 23 So. 388; Stephenson v. Sinclair, 36 S. W. Rep. 137.

ELLISON, J.—Paul Minor was duly appointed public impounder for Kansas City, Missouri, with authority to impound cattle, without writ or process, found running at large in such city.    He gave bond as such with defendants as sureties.    He afterwards illegally took up and restrained cattle belonging to relator and refused to give them up when demanded, thereby making it necessary for relator to replevin them out of his possession.    Relator then brought this action on Minor's official bond and recovered judgment in the circuit court.

The only question presented here relates to the sufficiency of the petition.    It charges that Minor gave bond as required by the charter and ordinances of Kansas City, conditioned that if he "shall faithfully perform and discharge all of his duties as public impounder of Kansas City, then this obligation is to be void, otherwise to remain in full force.". It then charges that said impounder, under the pretense that he was acting within his authority, wrongfully took possession of for the purpose of wrongfully impounding and wrongfully col-

lecting fees thereon, twenty-two head of cattle belonging to relator under the pretense that said cattle were running at large within the city limits, when in fact they were not running at large. That after wrongfully impounding said cattle he refused to give them up to relator on demand under the false pretense that he had them rightfully in his possession and had a right to detain them until his fees as impounder for their taking and detention were paid to him, whereby relator was forced to bring his action for replevin as above stated.

The point made by the sureties is, that since the bond is only conditioned for the faithful performance of the duties of the office of impounder, and that the petition, on its face, shows that it was not the impounder's duty to impound said cattle, therefore, there was no breach of the condition. Which point amounts to this: That since it is not the impounder's duty to impound cattle which are not running at large, the sureties can not be held if he does impound them. The point is clearly unsound. He took and impounded the cattle as impounder. He took and held them by authority of his office. Were those acts faithful performances of his duty? He acted as impounder, *colore officii,* and his acts were either acts of duty, or a violation of duty. If the latter, as they undoubtedly were, they come within the letter of his bond. We have no doubt that the petition stated a good cause of action. State ex rel. v. Edmundson, 71 Mo. App. 172; State ex rel. v. Moore, 19 Mo. 370; Turner v. Sisson, 137 Mass. 191; Thomas v. Connelly, 104 N. C. 342; Nat'l Bank v. Rutledge, 84 Fed. Rep. 400.

The judgment is affirmed. All concur.