## GRIFFIN v. SEYMOUR.

4. RES ADJUDICATA. The judgment of a court can be set up as a prior adjudication only, when it is shown that it determined the actual question at issue between the parties; and that such determination must have been upon the merits.

2. PRESUMPTIONS. When the record shows that a demurrer presenting two grounds of objection to a petition was sustained, without stating upon which ground, it will be presumed that the decision of the court was based

upon the ground which would be fatal to this action. Where one ground of demurrer is fatal to the action, by reason of misjoinder of parties, and the other involves the merits or the right of the plaintiff to recover on his cause of action, it will be presumed that the court sustained it upon the former ground alone.

3. JUDGMENT IN SUPREME COURT. Where a cause has been appealed to the Supreme Court, and the final judgment is there entered, the judgment of the court below does not bind the parties as a prior adjudication.

4. GUARANTY. The contract of a guarantor of the payment of a county warrant is absolute, that the warrant will be paid when due and presented.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 9.

THE plaintiff in 1859 brought his action against Grundy County and the defendant in this suit, jointly, upon a county order, issued by the said county, and a separate written guaranty executed by defendant. To that action the defendant Seymour demurred: 1. For the reason that there was a misjoinder of parties. 2. That the petition did not show such a state of facts as would entitle the plaintiff to recover. This demurrer was sustained, but upon what ground it does not appear. The plaintiff appealed from the ruling of the District Court, and upon a hearing in this Court the judgment was affirmed. By referring to the opinion (see 10 Iowa, 226), it will be observed that this Court held that there was a misjoinder of parties, and that in this respect the demurrer was well taken. The question presented by the second cause of demurrer does not appear to have been raised, or at least passed upon.

*Clarke & Davis* for the appellant.

*L. Robinson* for the appellee.

BALDWIN, Ch. J.—The present suit is against Seymour alone, upon his written guaranty. The defendant inter-

posed the plea of former adjudication. A demurrer to this being sustained, he appeals therefrom, and assigns this ruling as error.

It is conceded that this suit is between the same plaintiff and one of the same defendants, and upon the same cause of action as the one formerly determined by this Court— the appellant now insisting, however, that the case was there adjudicated upon its merits, the appellee insisting that the only question there determined was the one in relation to the misjoinder of parties.

It is claimed in the argument, by appellant, that the demurrer in the former case raised two questions: 1. Whether the defendant was liable jointly; and 2. Whether he was liable at all; and as the Court sustained the demurrer without stating that it was overruled, in so far as it presented any other question except as to the misjoinder, it is proper to infer that it was sustained as a whole, and that, therefore, there was a complete and full adjudication of the whole case.

In order to enable the defendant to interpose the plea of a prior adjudication successfully, it must be made to appear that the actual point in issue between the parties has already been determined, and such determination or decision must have been upon the merits. Was the point in issue in this case, that is, whether the plaintiff had used such diligence against the defendant as to make him liable on his special guaranty, decided in the former cause? In the first place, we think that the presumption would legitimately arise, that where there are two objections raised against the plaintiff's right of recovery, and one presenting the question as to a misjoinder of parties, (and a decision upon this would be a fatal objection to the plaintiff's recovery), the Court would only pass upon the one, which would necessarily compel the plaintiff to abandon his case. It is not to be presumed that the Court would

Griffin v. Seymour.

pass upon the merits of the case after having determined that the proper parties were not before him, and that a judgment could not be rendered in that form of action.

But, in the second place, the judgment of this Court, and not that of the District Court, is the final adjudication of a cause that has been appealed; and by reference to the opinion in this case above cited, it will be seen that the questions now raised were not presented or passed upon, nor was the merit of the case adjudicated. And see *Delany* v. *Reade*, 4 Iowa, 292, and cases there cited.

It is further claimed by the appellant, that the plaintiff was not entitled to a judgment, for the reason that the order sued on was not presented to the treasurer within a reasonable time after the execution of said guaranty, and that defendant was not notified of the non-payment of said order within a reasonable time.

Conceding it to be true that this instrument is to be regarded, under the rules of the commercial law, as a sight draft on the treasurer, then the defendant is not such a guarantor as to entitle him to notice of its presentation and non-payment within a reasonable time before he could be made liable. It is not an indorsement in blank, such as is contemplated by §§ 953 and 954 of the Code. The liability of the defendant, under his written guaranty, is not conditional, but absolute. He agrees that the order will be paid when due and presented. The liability of the maker of this character of a guaranty has been determined by this Court in *Sabin & Moon* v. *Harris*, and *Knight* v. *Dunsmore & Chambers*, 12 Iowa, 87, 35.

Affirmed.