N. C. MERRILL v. THE BOARD OF COUNTY COMMIS-
SIONERS OF NESS COUNTY.

No. 196.

1. STATUTE OF LIMITATIONS — *Recovery of Penalty — Unlawful Al-
lowance.* Recovery of the penalty provided for by paragraph 1658
of the General Statutes of 1889 (Gen. Stat. 1897, ch. 27, § 24) is
barred by subdivision 4 of section 18 of the civil code, unless the
action for such recovery is commenced within one year after de-
.mand for the repayment of the money unlawfully allowed has been
made and repayment has been refused.

2. PRACTICE — *Judgment on Sustaining Demurrer — Res Judi-
cata.* Where the demurrer to the petition contained several
grounds, one of which reached the merits of the case as pleaded
and the others did not, a judgment for costs upon the sustaining
of the demurrer, where the court found the grounds thereof to be
true, was a bar to a subsequent action between the parties upon
the same facts.

Error from Ness district court; J. E. ANDREWS,
judge. Opinion filed Feb. 10, 1898. Reversed.

THIS action was commenced by the defendant in
error as plaintiff, to recover the sum of $861.30 and
an equal amount as a penalty under section 1658,
General Statutes of 1889, it being alleged that the
defendant, Merrill, had unlawfully received that sum
from the treasury of Ness county. Merrill's claim
upon which the payment had been made originated in
connection with refunding the outstanding warrants
of Ness county and the issuing of bonds to the amount
of $30,000 in exchange therefor, he having acted as
the agent of the commissioners and of the county in
the transaction. The claim consisted of several items,
one being for commission based upon the sale of the
bonds. A warrant for $909.25 was issued to Merrill
and was paid a year later, it having been presented
for payment by the Ness County Bank. On the trial

the plaintiff withdrew its claim as to certain items, and the court instructed the jury to return a verdict for plaintiff for $750. Upon this verdict a judgment for $750, and for a like amount as a penalty, was rendered.

The answer contained several grounds of defense, one being the statute of limitations and another a plea of *res adjudicata*. The evidence in support of this latter ground consisted of the files of case No. 1105 of the district court of Ness county, in which the board of county commissioners was plaintiff and Merrill and the Ness County Bank were defendants. The cause of action in that case was the same as in this case. The defendants demurred to that petition upon these grounds : Failure to state a cause of action ; misjoinder of parties defendant ; misjoinder of causes of action, and defect of parties defendant. At the May, 1891, term this demurrer was sustained, the journal entry reciting :

"And now, to wit, on this ——— day of May, 1891, comes the above-entitled action to be heard on demurrer filed herein, upon the grounds : (1) That the petition does not state a cause of action ; (2) that there is a misjoinder of parties defendant ; (3) that there is a misjoinder of causes of action by the defendants (plaintiffs) herein. And the court, being duly advised in the premises by the argument of counsel thereon, doth find the grounds of said demurrer of said defendants to be true and doth sustain the same ; and thereupon the plaintiff asks leave of court to file an amended petition herein.

"It is therefore ordered, considered and adjudged by the court that said demurrer be and the same is hereby sustained, and that plaintiff have sixty days in which to file an amended petition herein."

A journal entry of the September, 1891, term of court is as follows :

"Now on this 22nd day of September, 1891, being the day of the regular September, 1891, term of said court, comes said above-entitled action to be heard on motion of defendant, N. C. Merrill, for judgment for costs. . . . And it appearing to the court that the plaintiff failed to file an amended petition in said action as to defendant, N. C. Merrill, under decree of court heretofore granted, and that his demurrer to the original petition has been sustained :

"It is therefore ordered, considered and adjudged that defendant, N. C. Merrill, have and recover of and from said plaintiff herein his separate costs herein, taxed at ———, and that said defendant go hence without day."

The plaintiff filed an amended petition, and a second amended petition against the Ness County Bank alone, the allegations of both of the latter being practically identical with those of the original petition. The bank filed its answer to the second amended petition, and on February 4, 1892, at the January term of court, a jury was impaneled to try the issues thus joined. After the introduction of evidence had commenced, the plaintiff, with leave of the court, dismissed the action without prejudice. This suit was begun on February 20, 1892.

*Geo. S. Redd,* for plaintiff in error.

*Sam'l Jones, S. I. Hale, John Q. Vogles,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : I. The penalty portion of the judgment was erroneous. More than a year had elapsed after the payment of the warrant in question, and after demand for its repayment, prior to the commencement of this action. Recovery of the penalty was barred by subdivision 4 of section 18 of the civil code.

II. As to the plea of *res adjudicata*. It is settled law that where a demurrer to the merits of a petition is sustained and a judgment for costs is thereupon entered in favor of the party demurring, such judgment, unless reversed, is as final and conclusive between the parties as if founded upon the verdict of a jury. It is not necessary to cite authorities in support of this proposition. The difficult question for consideration is this : Where the demurrer contains several grounds, one of which goes to the merits of the case as presented in the pleading demurred to and the others do not, is a judgment for costs upon the sustaining of the demurrer conclusive between the parties in a subsequent action based on the same facts?

In *Griffin v. Seymour*, 15 Iowa, 30, it was held that where one of the grounds of the demurrer was a misjoinder of parties, and the other involved the merits or the right of the plaintiff to recover on his cause of action, it would be presumed that the court sustained it upon the former ground alone, where the record did not state the ground of the ruling. It should be observed, however, that upon an appeal from that ruling the supreme court had held there was a misjoinder of parties in the original action. (*Griffin v. The County of Grundy et al.*, 10 Iowa, 226.)

The supreme court of New York, in *People v. Stephens*, 51 How. Prac. Rep. 235, gave the question now before us very careful consideration. The grounds of the demurrer in the case already adjudicated had been the same as in this case, and the court had given " judgment for the defendant upon said demurrer," with leave to the plaintiffs to amend. After a long delay an appeal was taken. The supreme court held that the judgment upon the demurrer was

a bar to the last action, remarking that "the order and judgment, presumptively at least, show that the merits of the case were in fact determined." The court regarded the case of *Griffin v. Seymour*, supra, as depending upon the fact that, since the supreme court had held there was a misjoinder of parties, the ruling was presumptively upon that ground. The opinion cites a large number of cases, one of them being *House v. Mullen*, 22 Wall. 42, in which a demurrer to a bill in chancery had set up several grounds, some reaching the merits of the action and others not. The decree sustained the demurrer and dismissed the complaint. The supreme court declared that as the decree stood it would bar another suit.

Our supreme court, in the case of *Smith v. Auld*, 31 Kan. 262, considered questions quite similar to the one here presented. From a review of several authorities, the court concluded that the mere fact that a dismissal is not expressed to be without prejudice does not necessarily establish that it was a decision on the merits and a bar to a subsequent action; that where a former adjudication is pleaded in bar the whole record of the prior action is to be searched in order to determine what was in fact adjudicated. The court announced the following doctrine:

"In conclusion, it may be laid down as a general proposition, that wherever from the face of the record it affirmatively appears that an order of dismissal was based on matters other than the merits, such order of dismissal will not be a bar to a future action."

It has been quite uniformly held that, while evidence may be introduced for the purpose of sustaining or overthrowing the plea of *res adjudicata*, it is not admissible to contradict the record. Excepting the Iowa case, in which the ground of the demurrer upon

which the ruling was based did not go to the merits of the action, the authorities seem to be in substantial accord in holding that such a judgment as is here presented is a complete bar to another action upon the same subject-matter. The record shows the grounds of the demurrer; that the court found them to be true; that leave was given to file an amended petition; that the same was not filed as to Merrill; and that at the term of court succeeding that at which the demurrer was sustained the case was dismissed as to Merrill at the cost of the plaintiff, for the reason that the demurrer had been sustained and no amended petition filed against the defendant, Merrill. It further appears that an amended petition was filed against the bank alone. We must hold, therefore, that the plea of the defendant was well taken, and that the present action was barred by the former judgment.

The judgment of the district court is reversed, and the case remanded, with instructions to enter judgment in favor of the plaintiff in error for costs.