MARY H. PARROTTE ET AL., APPELLEES, V. JOHN N. DRYDEN ET AL., APPELLANTS.

FILED FEBRUARY 22, 1905. No. 13,570.

1. **Law of Case.** Where the supreme court has in a proper proceeding declared as a matter of law that a judgment of the district court is valid and cannot be collaterally attacked, such holding will ordinarily be treated as the law of the case in all subsequent proceedings involving the determination of that question.

2. **Res Judicata.** A final judgment rendered on a demurrer to a petition in equity to obtain a new trial in a former suit is an effectual bar to the prosecution of another action on the same grounds and between the same parties for that purpose.

3. **Suit Pending: MORTGAGE: NOTICE.** One who obtains a mortgage on real estate while actions are pending which necessarily determine the rights of the mortgagor in the mortgaged premises, with full knowledge thereof, takes it subject to the judgments that may be passed in such suits, and in case the mortgagor is adjudged to have no interest in the premises he takes nothing by his mortgage.

APPEAL from the district court for Buffalo county: JOHN R. THOMPSON, JUDGE. *Judgment modified.*

*John N. Dryden,* for appellants.

*Hamer & Hamer* and *Roscoe Pound, contra.*

BARNES, J.

This action was commenced in the district court for Buffalo county, on the 13th day of May, 1901, by Mary H. Parrotte and her husband, Marcus L. Parrotte, against John N. Dryden, Lewis P. Main and others, to obtain a new trial in an action in which a judgment had been rendered against them on the 16th day of February, 1898, and to restrain said Dryden and Main, and one Funk, as sheriff, from interfering with their alleged possession of certain land situated in said county. At a later date an amended petition was filed, to which Dryden and Main answered by way of cross-petition. Proper pleadings were filed by other defendants, and on the issues thus joined a trial was had which resulted in a judgment against the plaintiffs, and by which Thomas F. Hamer, one of the defendants, was given a decree for the sum of $500, which was made a first lien on the land in question. Thereupon the case was brought here by appeal, in which all parties have joined, and was heard as a trial *de novo*.

We find from the record that many years ago a judgment (which will be called the Johnson judgment), was entered against one of these plaintiffs, and afterwards the defendants herein became the owners of that judgment and the rights which had been obtained thereunder. There has been continual litigation in Buffalo county for more than fifteen years last past in regard to this matter; the one party insisting that the said judgment under which these defendants (who are now appellees) proceeded was void, and that they obtained no rights thereunder. This action, although it involves an application for a new trial in the district court, and comes here by appeal, seems to be predicated upon the same proposition. If, however, the supposed judgment referred to is of sufficient force to resist a collateral attack, and if titles which are dependent thereon cannot be collaterally assailed, then the plaintiff below had no color or right of action, and, of course, however erroneous their first trial may have been, could not

obtain a new trial to litigate such a contention. We think that the question is settled so far as to become the law of this case in *Dryden v. Parrotte*, 61 Neb. 339. In that case it was held that the identical judgment in question was sufficient to resist a collateral attack, and that the defendants herein had obtained rights thereunder which had been settled and finally adjudicated in their favor. Considering this as the law of the case, we think the judgment of the district court, as between these plaintiffs and Dryden and Main, is correct.

But there is another and equally cogent reason why the judgment of the trial court should be affirmed. It appears that on the 15th day of February, 1899, the plaintiffs herein, together with the defendants Francis C. Grable and Katherine E. Grable, commenced an action in the district court for Buffalo county against the defendants John N. Dryden, Lewis P. Main and others, alleging that the judgment purchased by them from Johnson was void, and praying for a new trial of the cause, wherein, on the 16th day of February, 1898, it was decreed that said judgment was valid and a first lien on the lands in question herein. The defendants demurred to the petition; the court sustained the demurrer, and the plaintiffs elected to stand on their pleading. The court thereupon rendered a final judgment against them and dismissed the action at their costs. Again, on the 18th day of July, 1899, the plaintiffs commenced another action in the district court for Buffalo county against the same defendants for the same purpose, and a demurrer to their petition was again filed, which was sustained by the court. The plaintiffs again stood on their petition and refused to further plead; and thereupon final judgment was again rendered against them. On the 12th day of February, 1900, the plaintiffs commenced a third action in the district court for said county to set aside the Dryden and Main judgment and to obtain a new trial of the cause in which it was rendered. The petition therein was almost identical with the one in this suit. The parties were the

same in both actions, and Dryden and Main again interposed a demurrer to the petition, which was sustained, and the plaintiffs refusing to further plead, final judgment was again rendered against them with all due formality. No appeal was ever taken in any of the said actions; error was not prosecuted from any of these final judgments, and they are therefore in full force and effect, unreversed and unmodified, and are relied on as a bar to the prosecution of this action.

We are constrained to hold that the foregoing judgments of the district court, which are pleaded as a defense to this action, are an effectual bar to its prosecution. In each of those cases the action was between the same parties, was brought for the same purpose, and the petitions therein set forth the same facts contained in the petition in this action. The judgment in each of the cases was final; and in the last one it was "adjudged that the defendants should go thence without day and recover their costs therein expended." It is true that those judgments were rendered on demurrer, but they were final and conclusive; they have never been reversed or modified, and the time in which error or appeal may be prosecuted therefrom has fully expired. A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and if final judgment is entered on the demurrer it will be a final determination of the rights of the parties, which can be pleaded in bar to any other suit for the same cause of action. 2 Black, Judgments, sec. 709; *Alley v. Nott*, 111 U. S. 472; *Lamb v. McConkey*, 76 Ia. 47, 40 N. W. 77; *City of Los Angeles v. Mellus*, 58 Cal. 16; *Oregonian R. Co. v. Oregon R. & N. Co.*, 27 Fed. 277; *Brown v.*

*Kirkbride,* 19 Kan. 588; *Carlin v. Brackett,* 38 Minn. 307.

We come now to consider that part of the judgment in favor of Thomas F. Hamer, by which he is given a first lien on the land in question. This lien is derived from the title championed by the plaintiffs in this case, and arose from a mortgage executed by them to Hamer while the litigation was pending, which resulted in a determination that the plaintiffs had no title in the premises; and, as the conditions were such as to give ample notice to Hamer that the plaintiffs had no mortgagable interest therein, of course, he took nothing by his mortgage. In this respect we think the decree of the district court is wrong.

For the foregoing reasons, so much of the decree of the trial court as gives defendant Hamer a lien under his separate mortgage is reversed, and his cross-petition is dismissed. In all other things the decree of the district court is affirmed.

JUDGMENT ACCORDINGLY.