[Civil No. 961.   Filed March 22, 1907.]

[89 Pac. 410.]

PRESLEY D. MOTES, Plaintiff and Appellant, v. GILA
VALLEY, GLOBE & NORTHERN RAILWAY COM-
PANY, Defendant and Appellee.

1. Judgment—On Demurrer—Res Judicata.—The rule being that
where a demurrer goes both to defects of form, and also to the
merits, a judgment thereon not designating upon which of the
grounds the demurrer is sustained (the record not disclosing other-
wise) it will be presumed to rest upon the former; a judgment sus-
taining a demurrer to a complaint in an action brought for damages
for injuries to his minor son, because of one objection going to the
merits and three going to defects of form, said judgment not desig-
nating the grounds for sustaining the demurrer, is not a bar to an
action by the son, on attaining majority, for the same injuries.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for the County of Graham.
Eugene A. Tucker, Judge.

On March 6, 1900, Presley D. Motes filed an action in the
district court of Graham county against the Gila Valley,
Globe & Northern Railway Company, seeking to recover dam-
ages in the sum of $3,000 for injuries alleged to have been
sustained by his minor son, Presley L. Motes, by reason of
the negligence of the servants of the railway company.   The
defendant company demurred to the complaint on the follow-
ing grounds: "(1) Because the said complaint does not state
facts sufficient to constitute a cause of action.   (2) Because
of a misjoinder of causes of action, in this: That two sepa-
rate and independent actions of tort are alleged in the same
complaint.   (3) That one of the parties plaintiff, Presley L.
Motes, an alleged minor, has not the legal capacity to sue.
(4) That there is a defect of parties plaintiff, in this: There
is no allegation in the said complaint alleging the joint wrong,
or showing the right of plaintiffs to jointly prosecute this
action."

On April 3, 1900, the demurrer was argued and the court
ordered "that the demurrer herein be, and the same is, hereby
sustained."   Leave was given the plaintiff to amend his com-
plaint, and on April 5, 1900, he filed an amended complaint
wherein he sought to recover for moneys expended for medi-

cal attendance to his son, and for the loss of his son's services. To the amended complaint the defendant demurred on several grounds, among others, that it sets up a new and independent cause of action, which is barred by the statute of limitations. On October 2, 1900, the demurrer to the amended complaint was heard, and the court ordered "that the demurrer raising the statute of limitations be, and the same is, hereby sustained." Thereafter, upon motion of the defendant, the court ordered that judgment be entered against the plaintiff, dismissing his complaint. Plaintiff appealed to this court, where the judgment was affirmed. 68 Pac. 532. Presley L. Motes, having attained his majority, brought this action in his own right to recover from the defendant company damages for the injuries claimed to have been sustained by him by reason of the same acts of negligence on the part of defendant's servants. The defendant company pleaded in bar the judgments sustaining the demurrers to the complaints filed by the plaintiff's father. Plaintiff demurred to defendant's plea in bar, and said demurrer was heard by the court on October 14, 1904, and was sustained. On May 1, 1905, the defendant filed an amended answer containing the same plea in bar. No new demurrer was interposed to this amended answer, but the case went to trial before the court and a jury upon the complaint and the amended answer. The plaintiff introduced testimony tending to support the allegations of his complaint, and made a *prima facie* case for damages. The defendant offered the record in the former case, which was admitted over the objection of plaintiff, and thereupon the court, upon motion of the defendant, directed the jury to return a verdict for the defendant. Judgment was entered upon the verdict so returned, and a new trial denied. The case is here by writ of error.

W. K. Dial, for Appellant.

The question presented here is, whether the right of Presley L. Motes to recover judgment against the Gila Valley, Globe and Northern Railway Company for injuries inflicted upon him on the seventh day of March, 1899, has been judicially determined. For the judgment in the case of the father of plaintiff against said railway company to be a bar to this action, it must be *res adjudicata*, which an examination of that case will show was not the fact. Before a judgment can be plead in bar and will operate as an estoppel,

it must appear that the parties to the action in which the plea is interposed are the same, and the subject matter of the action is the same, and *that the precise question was raised* and determined in the former suit. In other words, the parties must be the same, the subject matter the same, and the cause of action the same. If all these things do not concur, then the judgment in the former case, although it be between the same parties and concerning the same subject matter, will be no bar. *Davis* v. *Brown,* 94 U. S. 423, 24 L. Ed. 204; *Russell* v. *Place,* 94 U. S. 606, 24 L. Ed. 214; *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. Ed. 195.

Frank W. Burnett, for Appellee.

If the first complaint in which the demurrer was sustained and final judgment thereafter rendered in the action contained all the essential facts contained in the complaint in the present action, then the former judgment is just as conclusive as if rendered upon a verdict of a jury. So says the supreme court in *Gould* v. *Evansville & C. R. R. Co.,* 1 Otto, 526, 23 L. Ed. 416.

CAMPBELL, J.—The only question that may be considered by us upon the record as it is before us is whether the court erred in directing a verdict for the defendant, on the ground that the judgments in the action brought by the father of the plaintiff in 1900 bar this action. We do not understand that the defendant in error claimed in the lower court, or that it claims here, that the judgment sustaining the demurrer to the complaint of the father filed April 5, 1900, bars this action, but it did and does insist that the judgment of the court sustaining the demurrer to the original complaint is a complete bar. By reference to the case of *Motes* v. *Gila Valley etc. Ry. Co.,* 8 Ariz. 50, 68 Pac. 532, it is seen that this court took the view that by the complaint of the father of the plaintiff in error filed March 6, 1900, he sought to recover for his minor child, Presley L. Motes, and that by his amended complaint filed April 5, 1900, there was a departure from the cause of action set up in the complaint of March 6, 1900, in that the father sought to recover damages accruing to him from the loss of the services of the child; that the amended complaint set up a cause of action distinct from that originally asserted, and

that therefore the action having been brought more than one year after the injuries complained of were received, the demurrer setting up the statute of limitations was properly sustained.

In the case of *Wilson* v. *Lowry,* 5 Ariz. 335, 52 Pac. 777, this court had before it the question whether a final judgment for the defendant rendered on a demurrer to the complaint can be pleaded in bar of a subsequent action between the same parties, and we said that whether such a judgment may be so pleaded depends, "first, on whether the demurrer went to the merits of the action," and, "second, whether the cause of action is the same"; and that "if either of these conditions be wanting the judgment on demurrer does not bar another action." It is undoubtedly true that where the merits of an action are determined, a final judgment on a demurrer will be conclusive as to a future action, but where the demurrer goes to the form of the action, to a defect of pleading, or to the jurisdiction of the court, such judgment is not a bar, and will not preclude further litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings; and the rule is that where a demurrer goes both to defects of form and also to the merits of a judgment thereon not designating between the two grounds (the record not disclosing otherwise) will be presumed to rest upon the former. *Griffin* v. *Seymour,* 15 Iowa, 30, 83 Am. Dec. 396; *Chrisman* v. *Harman,* 29 Gratt. (Va.) 494, 26 Am. Rep. 387; *Kleinschmidt* v. *Binzel,* 14 Mont. 31, 43 Am. St. Rep. 604, 35 Pac. 460; *Bissell* v. *Spring Valley Township,* 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411; 23 Cyc. 1154; Van Fleet's Former Adjudication, 667. In the case at bar three of the four grounds of demurrer went only to defects of form, and from the record it cannot be ascertained upon which of the grounds the court sustained the demurrer, nor was evidence outside the record offered to so show. Therefore it will be presumed that the demurrer was sustained on the technical ground set up by the defendant. We therefore are of the opinion that the court erred in directing a verdict.

The judgment is reversed, and the case remanded for a new trial.

KENT, C. J., and SLOAN and NAVE, JJ., concur. DOAN, J., concurs in result.