## City of Weatherford, Appellant, v. John Nuveen, trading as John Nuveen & Company, Bankers, Appellee.

### Gen. No. 23,544.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1917.   Affirmed.   Opinion filed June 14, 1918.

## Statement of the Case.

Action in assumpsit by the City of Weatherford, a municipality of the State of Oklahoma, plaintiff, against John Nuveen, trading as John Nuveen & Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany, bankers, defendant, for breach of contract to purchase municipal bonds. From a judgment for defendant on a plea of *res adjudicata,* plaintiff appeals.

WELDON WEBSTER and LLOYD S. BAILEY, for appellant.

BUSBY, WEBER & MILLER, for appellee; HARRY P. WEBER and GEORGE W. MILLER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 417*—*what is on merits operating as bar to subsequent suit.* A judgment on a general demurrer is a judgment on the merits and a bar to a subsequent suit or demand, and is equally conclusive by way of estoppel as a verdict finding the same facts followed by a judgment on such verdict.

2. JUDGMENT, § 691*—*when parol evidence is admissible where former recovery is relied upon as bar.* While parol evidence is inadmissible to contradict a record, when a former recovery is relied upon as a bar, parol evidence not contradictory of the record may, in case of doubt, be introduced to show what was included within and investigated on the trial of the issue.

3. JUDGMENT, § 691*—*when parol evidence is admissible to explain record of decision on "demurrer."* Where a judgment on the merits on a general demurrer was pleaded in bar, as *res adjudicata* and both a general and several special demurrers were interposed in the former action, a record reciting that "said demurrer be and is hereby sustained" and that "the demurrers heretofore filed herein stand to the declaration as amended" is ambiguous as not showing whether the order referred to the general or the special demurrers, and parol evidence of the trial judge is admissible as to what was actually argued, considered and decided in sustaining "said demurrer."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.