Julio Aguilera, demandante y apelado, *v.* Ramón Pérez Lugo, Antonio Antonmattei y el Márshal de la Corte de Distrito de Ponce, demandados y apelantes.

Núm. 7193.—*Sometido:* Diciembre 16, 1936. *Resuelto:* Febrero 19, 1937.

*Tomás Paz,* abogado de los apelantes; *Enrique Báez García,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Julio Aguilera alega que tiene establecido su derecho de hogar seguro sobre una casa de madera, construída en un solar del Municipio de Guánica. Los demandados Ramón Pérez Lugo y Antonio Antonmattei, alegan en su contestación a la demanda la siguiente defensa:

"Que la presente acción del demandante no procede por ser *cosa juzgada* y resuelta definitivamente por el hecho de que este mismo demandante Julio Aguilera esa misma acción de hogar seguro la es-

tableció ante esta Hon. Corte bajo el civil núm. 2958 contra el demandado Ramón Pérez Lugo por los mismos hechos que se establecen en su demanda ahora y se dictó sentencia por esta Corte en 26 de enero de 1931, declarando sin lugar la demanda y no conforme el demandante apeló para ante la Hon. Corte de Distrito del Distrito Judicial de Ponce, con fecha 5 de febrero de 1931, y con fecha mayo 7 de 1931, dicha Corte de Distrito de Ponce desestimó la apelación que se estableció bajo el número 5696, sentencia que quedó firme y ejecutoria por no haber establecido apelación para ante la Hon. Corte Suprema de Puerto Rico dicho demandante Julio Aguilera. Y existiendo identidad de demandante y demandado, por la misma causa y reclamación, la acción que se establece tiene por tanto el impedimento de tal *cosa juzgada*, de acuerdo con el artículo 1219 del Código Civil vigente.''

La corte inferior declaró sin lugar la defensa que antecede, establecida por los demandados, y falló el caso a favor de la parte demandante. Alegan los apelantes que dicho tribunal incurrió en error al declarar sin lugar la defensa especial de impedimento o cosa juzgada, y solicitan la revocación de la sentencia apelada.

Surge de los autos y así aparece declarado por la corte inferior en sus conclusiones de hecho, que en diciembre de 1929 el demandado en esta acción, Ramón Pérez Lugo, radicó en la Corte Municipal de Yauco una demanda en cobro de dinero contra Julio Aguilera, obteniendo sentencia a su favor. Para hacer efectiva esa sentencia se trabó embargo sobre la casa de Julio Aguilera que se describe en la presente acción. Radicó entonces Aguilera una demanda en la Corte Municipal de Yauco, alegando su derecho de hogar seguro sobre la referida finca. Esta demanda fué excepcionada sobre la base de que la misma no aducía hechos suficientes para determinar una causa de acción. Declarada con lugar la excepción previa y dictada sentencia en contra de la parte demandante, estableció ésta recurso de apelación para ante la Corte de Distrito de Ponce. Este recurso fué desestimado por no haberse notificado de la transcripción de autos al apelado Pérez Lugo, adquiriendo el carácter de firme la referida sentencia.

La corte municipal no concedió permiso al demandante para enmendar la demanda al resolver la excepción previa de falta de hechos y dictar sentencia contra él. La excepción se formuló en términos generales sin hacerse constar por el demandado las razones que sirvieron de base a la alegada falta de causa de acción. La resolución de la corte, dictada también en términos generales, no expone los fundamentos que tuvo el tribunal para sostener la excepción y declarar sin lugar la demanda.

Los hechos alegados por los demandados en su defensa especial han quedado satisfactoriamente demostrados mediante prueba documental. Sobre este particular no hay controversia entre las partes, pero el demandante sostiene que estos hechos, así alegados y probados, no constituyen base para sostener la defensa de cosa juzgada.

Una sentencia dictada al sostener una excepción previa decide definitivamente los hechos confesados en virtud de la excepción, como pudiera hacerlo un veredicto o sentencia declarando probados los mismos hechos alegados en la demanda.

Por lo tanto, cuando la excepción se dirige a los méritos de la acción, la sentencia que recaiga, basada en esa excepción, puede alegarse victoriosamente en un litigio entre las mismas partes y sobre la misma causa de acción. La sentencia, sin embargo, no puede surtir el carácter de cosa juzgada cuando se trata de cuestiones puramente formales y todos los méritos del caso no han quedado decididos por la excepción.

Ordinariamente, una sentencia dictada en virtud de una excepción previa de carácter general constituye una decisión definitiva sobre los méritos del litigio. *Perkins* v. *Moore,* 16 Ala. 17; *Brown* v. *Kirkbridge,* 19 Kan. 588; *Weatherford* v. *Nuveen,* 211 Ill. App. 411; *Pettis* v. *McLain,* 21 Okl. 521, 98 P. 927; *El Reno* v. *Cleveland-Trinidad Paving Co.,* 25 Okl. 648, 27 L.R.A. (N. S.) 650, 107 P. 163. El fundamento de esta regla es que una excepción previa general admite como

ciertos todos los hechos alegados en la demanda, y que por lo tanto una sentencia basada en esa excepción tiene carácter definitivo en cuanto a dichos hechos, como si el demandante los hubiese probado y obtenido sentencia a su favor. *Bomar* v. *Parkers,* 68 Tex. 435, 4 S. W. 599. No todas las excepciones previas generales van, sin embargo, dirigidas a los méritos de la causa de acción. Por ejemplo, las de falta de jurisdicción, aunque dirigidas en general contra la acción en su totalidad, no impugnan en forma alguna la suficiencia legal de los hechos alegados en la demanda. La sentencia que se dicte en estas condiciones resolviendo favorablemente al demandado la excepción de falta de jurisdicción, no resuelve los méritos del litigio.

La excepción previa que alega que la demanda no aduce hechos suficientes para determinar una causa de acción va dirigida a los méritos de la causa de acción, pues impugna la suficiencia legal de los hechos aducidos en la demanda, levantando así controversia sobre cuestiones que al resolverse disponen de los méritos del caso, a menos que la corte conceda permiso al demandante para que enmiende la demanda. *Alley* v. *Nott,* 111 U. S. 472, 28 L. Ed. 491; *Parrottee* v. *Dryden,* 73 Neb. 291, 102 N. W. 610; *Hirshbach* v. *Ketchum,* 80 N. Y. Supp. 143; *Moore* v. *Chattanooga Elec. R. Co.,* 119 Tenn. 710, 16 L.R.A. (N. S.) 978, 109 S. W. 497; *Plant* v. *Carpenter,* 19 Wash. 621, 53 P. 1107.

En el caso de *Bissell* v. *Spring Valley Township,* 124 U. S. 225, 233, se cita a Gould, en su Tratado sobre Procedimiento, copiándose lo siguiente:

"Una sentencia basada en una excepción es definitiva (*by way of estoppel*) de los hechos confesados por dicha excepción, así como lo es un veredicto declarando probados dichos hechos, puesto que han quedado establecidos tanto en la causa anterior como en la última, por medio de los autos. Y hechos así establecidos, no pueden ser más tarde discutidos entre las mismas partes o sus causahabientes. Cap. IX, 1ª. parte, sec. 43."

En el caso de *Parrotte* v. *Dryden,* 102 N. W. 610, la Corte Suprema de Nebraska se expresó así:

"Una excepción previa a una demanda basada en que la misma no aduce hechos bastantes para constituir una causa de acción, equivale a una excepción general a una demanda en el derecho común y promueve cuestiones que una vez probadas, dispondrán del caso en la forma alegada en la demanda por sus propios méritos, a menos que se conceda permiso para enmendar. El juicio de tal 'issue' es el juicio de la causa y no la decisión de una simple cuestión de forma en el procedimiento. No puede celebrarse otro juicio a menos que la corte lo conceda a su discreción, y una sentencia final basada en la excepción constituiría una determinación definitiva de los derechos de las partes, que puede ser alegada para impedir cualquier otra demanda por la misma causa de acción. (Citas.)"

Las palabras que anteceden han sido literalmente transcritas por la Corte Suprema de Nebraska de la opinión emitida por la Corte Suprema de los Estados Unidos en *Alley* v. *Nott,* 111 U. S. 472, 475.

En *Sudderth* v. *Harris,* 181 S. E. 123, la Corte de Apelaciones de Georgia, Segunda Division, se expresa así en un caso resuelto en 1935:

"Una sentencia sosteniendo una excepción previa a una demanda basada en que la misma no establece una causa de acción, es una decisión sobre los méritos del caso. La sentencia es *res judicata* de la causa de la acción así promovida. (Citas.)"

En *Hart Steel Co.* v. *Railroad Supply Co.,* 244 U. S. 294, 299, la Corte Suprema de los Estados Unidos se expresa así:

"Esta doctrina de *res judicata* no es una simple cuestión de práctica o procedimiento heredada de otros tiempos más técnicos que los nuestros. Es una regla de justicia fundamental y sustancial, 'de interés público y de paz privada', que debe ser observada y puesta en vigor por las cortes con el fin de que los derechos, una vez establecidos por una sentencia final de una corte de jurisdicción competente, sean reconocidos por aquellos que están obligados por la sentencia *in every way, wherever the judgment is entitled to respect.* Kessler v. Eldred, 206 U. S. 285."

En *Wade* v. *Peters,* 13 A.L.R. 1100, la Corte Suprema de Oregon establece la doctrina de que una sentencia sosteniendo una excepción previa y desestimando la demanda por-

que la misma no aduce hechos suficientes para constituir una causa de acción, constituye, mientras no sea revocada, una decisión definitiva de las cuestiones contenidas en la demanda y puede ser alegada contra una acción subsecuente por la misma causa. Agrega la corte, citando el caso de *O'Hara* v. *Parker,* 27 Or. 156, 39 P. 1004, que cuando una alegación esencial se ha omitido en la demanda excepcionada, un decreto de desestimación no es obstáculo para que se presente nuevamente la misma demanda contra las mismas partes si el hecho esencial omitido aparece alegado en la segunda acción. Luego de discutir esta cuestión dice la corte:

"Esta concisa exposición de la ley es clara y exacta y está confirmada por nuestras investigaciones de las decisiones judiciales. No puede alegarla a su favor, sin embargo, el demandante en la presente acción, puesto que un examen cuidadoso de la demanda en la acción anterior demuestra que ninguna alegación esencial fué omitida y que la última acción no contiene ninguna alegación sustancial que no haya sido alegada en la primera. Siendo ello así, hay que concluir que el único recurso efectivo del demandante en la primera acción fué haber apelado de la sentencia basada en la excepción previa, y habiendo dejado de hacerlo así, él está obstaculizado de establecer el presente procedimiento."

Véase también la anotación que aparece al calce del caso que acabamos de citar.

En California se ha sostenido la misma doctrina. En el caso de *Dyment* v. *Board of Medical Examiners,* reportado en el tomo 268 del Pac. Rep., pág. 1073, se dice lo siguiente:

"Es una cuestión decidida por las decisiones de California (15 Cal. Jur.) que si bien una sentencia sosteniendo una excepción previa a la demanda por falta de causa de acción impide que pueda establecerse una acción subsiguiente alegando los mismos hechos, esta doctrina no prevalece cuando en la segunda demanda se alega un hecho esencial que fué omitido en la primera."

Ésta es una regla firmemente establecida por las decisiones judiciales. Una sentencia declarando con lugar una excepción previa de falta de causa de acción no sostiene una defensa de *res judicata* a una demanda en la cual se subsana

el error cometido, incluyendo la alegación esencial omitida en la primera demanda.

Sostienen, además, los tribunales que cuando la corte que ha dictado la sentencia tiene jurisdicción, los errores de que adolezca dicha sentencia no son óbice para que pueda alegarse contra una acción subsecuente. Una sentencia no pierde su efectividad de *res judicata* por el mero hecho de que sea ilegal o errónea. *Clemens* v. *Kansas Gas & E. Co.*, 69 A.L.R. 999, y anotación que aparece al calce del caso citado.

En *Calaf* v. *Calaf*, 17 D.P.R. 218, se presentó una excepción previa a la demanda, alegando que los demandantes no tenían capacidad legal para demandar, que la demanda no aducía hechos suficientes para determinar una causa de acción, que la misma era ambigua, y que la acción de reconocimiento de hijo natural ejercitada por los demandantes había prescrito. La corte inferior declaró con lugar las referidas excepciones. Apelado el caso para ante este tribunal, se declaró que negado el reconocimiento de hijo natural por sentencia anterior, no podía contradecirse ni discutirse esa decisión en un pleito posterior.

Este caso fué confirmado por la Corte Suprema de Estados Unidos en *Calaf* v. *Calaf*, 232 U. S. 371. Sosteniendo la alegación de cosa juzgada, dijo dicho tribunal:

"La Corte Suprema de Puerto Rico ha aplicado el principio aquí y sería necesario que se nos citase la más clara autoridad para que nosotros dejásemos sin efecto un principio que nos parece obviamente correcto. Se alega que la sentencia no fué definitiva en el caso anterior. Sobre una cuestión de esta naturaleza, nosotros seguimos a las cortes locales a menos que se produzcan en contrario razones más poderosas que las que surgen del presente caso."

Ésta fué la decisión de nuestro tribunal en aquel caso, en que se establecieron las defensas que hemos apuntado. Hay tribunales que sostienen que cuando una excepción previa se dirige contra defectos de forma y contra los méritos de la acción, una sentencia que no especifique las razones que sir-

vieron de base a la decisión tendrá la presunción de haber resuelto las cuestiones de forma. *Bissell* v. *Spring Valley Twp.*, supra; *Motes* v. *Gila Valley G. & N. Ry. Co.*, 11 Ariz. 39, 89 Pac. 410; *Griffin* v. *Seymour*, 15 Iowa 30, 83 Am. Dec. 396; *Goldsborough* v. *Hewitt*, 23 Okla. 66, 128 Am. St. Rep. 795, 99 P. 907. Hay otros que sostienen la doctrina contraria, es decir, que una sentencia o decreto en virtud de una excepción previa que afecta a los méritos de la causa de acción y a la forma de la misma, produce el efecto de *res judicata*. *State ex rel. Schmidt* v. *Superior Ct.*, 62 Wash. 556, 114 Pac. 427; *Schroers* v. *Fisk*, 10 Colo. 599, 16 Pac. 285; *Merrill* v. *Board of Com'rs. of Ness County*, 7 Kan. App. 717, 52 Pac. 109.

En nuestro caso la primera demanda fué excepcionada por no aducir hechos suficientes para determinar una causa de acción. Ésta fué la única excepción presentada, sin que se adujera por el entonces demandado ningún defecto de forma. Hemos leído detenidamente la demanda interpuesta en la Corte Municipal de Yauco y la que ha sido interpuesta por el demandante en el presente caso, y llegamos a la conclusión de que en la demanda radicada en este segundo litigio no se alega ningún hecho esencial a la causa de acción que no esté alegado en la demanda radicada en el pleito anterior. Ambas demandas son sustancialmente idénticas. Por estas razones, estimamos que la Corte de Distrito de Ponce erró al declarar que la referida sentencia no constituye un impedimento para el establecimiento de la presente acción.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda, sin especial condenación de costas.*

El Juez Presidente Señor del Toro no intervino.